T.C. Summary Opinion 2004-158


UNITED STATES TAX COURT


FAY B. EDWARDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11097-03S.            Filed November 15, 2004.


Fay Bergfeld Edwards, pro se.

<u>Adam L. Flick</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of sections 6330(d) and 7463 of the Internal
Revenue Code in effect when the petition was filed.  Unless
otherwise indicated, all subsequent section references are to the
Internal Revenue Code in effect at relevant times.  The decision
to be entered is not reviewable by any other court, and this
opinion should not be cited as authority.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When she filed her petition, petitioner was a resident of Dallas, Texas.

### Background

Respondent seeks to collect petitioner's unpaid tax liabilities from taxable years 1996, 1997, 1998, 2000, and 2001, as follows:

| Year | Deficiency | Additions to Tax | Accrued Interest |
|------|-----------|------------------|------------------|
| 1996 | $2,633.27 | $526.86 | $969.31 |
| 1997 | 3,751.69 | 786.38 | 1,086.20 |
| 1998 | 2,122.82 | 525.00 | 832.77 |
| 2000 | 230.90 | 43.78 | 34.38 |
| 2001 | 1,702.39 | 336.40 | 151.95 |

The amounts, set forth in the chart above, are from respondent's MRFTA-Y transcript of account, dated April 2004, and reflect various adjustments, so they do not correspond exactly to deficiencies initially determined. Interest and additions to tax are accrued through April 2004.

For taxable year 1996, petitioner received a statutory notice of deficiency and timely filed a petition with this Court. She signed a stipulation for decision on June 14, 1999, and agreed to a deficiency of $2,794. This Court's decision with respect to her 1996 taxes was entered on June 14, 1999.

For taxable year 1997, respondent issued to petitioner a statutory notice of deficiency in which respondent determined a

deficiency of $3,137 for the year. Petitioner attempted to challenge respondent's determination, but her petition was not timely filed, and her case was dismissed by this Court.

For taxable year 1998, petitioner's tax liability resulted from a computational error she made on her return. For 2000 and 2001, petitioner failed to pay the taxes she had properly reported on her returns. Respondent did not issue to petitioner statutory notices of deficiency for 1998, 2000, or 2001.

Respondent filed a Notice of Federal Tax Lien (NFTL) with respect to petitioner's tax liabilities for 1996, 1997, 1998, 2000, and 2001. Petitioner filed requests for an administrative hearing with respect to the filing of a Federal tax lien under section 6320.

In addition, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to her 2000 and 2001 tax liabilities. On September 19, 2002, pursuant to section 6330 petitioner filed a request for a hearing with respect to respondent's proposed levy actions for 2000 and 2001.

On May 21, 2003, petitioner met with an officer from respondent's Appeals Office to discuss the filing of the Federal tax lien and the proposed levy actions.

With respect to the NFTL, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320

and/or 6330 on June 19, 2003 (notice of determination).

Respondent stated, in part:

> For years 1996 and 1997, statutory notices of deficiency were mailed to taxpayer at the appropriate address.  Accordingly, the underlying liability cannot be considered under CDP proceedings for these years.

> For tax years 1998, 2000, and 2001 the taxpayer did not present evidence to substantiate her position that the underlying liability was not appropriate as assessed.

> The filing of the Notice of Federal Tax Lien is appropriate.  The liability is valid and outstanding.

With respect to the proposed levy action for 2000 and 2001, respondent issued a separate notice of determination on June 19, 2003.  Respondent sustained the proposed levy, stating in part:

> Taxpayer did not present evidence to substantiate her position that the underlying liability was not appropriate as assessed.  The liability is valid and outstanding.

> Taxpayer did not propose any collection alternatives.

Upon receiving the notices of determination, petitioner filed a petition with this Court.  In addition, petitioner contacted respondent in an effort to arrange for a collection alternative.  On June 26, 2003, petitioner sent respondent a package of documents purporting to be an offer in compromise (OIC).  Petitioner did not provide specific information regarding her financial situation.  She explained generally that she had limited resources and no relatives to help her, that she had lost her employment, that she lived very modestly, and that she anticipated incurring significant medical and long-term care

expenses in the future.  Petitioner requested that respondent dismiss or forgive her unpaid tax liability.

By letter dated April 6, 2004, respondent contacted petitioner to discuss the stipulation of facts for petitioner's trial, scheduled for April 26, 2004.  Respondent wrote:  "I have also not ruled out the possibility of an offer in compromise, but I will need more information.  I have enclosed an IRS form 433-A.[1]  I would like you to fill this out as soon as possible."

On April 8, 2004, petitioner faxed to respondent a completed Form 433-A.  On the Form 433-A, petitioner listed personal assets including a bank account with a balance of $134,198, other security investments including "United States HHH Bonds", and a home that she owns clear of any encumbrances.

## Discussion

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer who fails to pay any tax liability after demand for payment.  The lien arises when the assessment is made, but is not valid against any purchaser, holder of a security interest, mechanic's lienor, or

---

[1]  A Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, is used by the Internal Revenue Service to access a taxpayer's financial situation for purposes of collecting unpaid tax liabilities.  In completing this form the taxpayer is required to provide information about his or her financial assets and monthly income and expenses.

judgment lien creditor until the Secretary files a notice of lien with the appropriate public officials.  Secs. 6322 and 6323.

Section 6320(a)(1) provides that the Secretary must notify the taxpayer in writing of the filing of a notice of lien.  The notice required by section 6320(a)(1) must be sent not more than 5 business days after the notice of tax lien is filed and must advise the taxpayer of his or her right to request an administrative hearing.  Sec. 6320(a)(2) and (3).  The hearing shall generally be conducted in accordance with the procedures described in section 6330(c), (d), and (e).  Sec. 6320(c).

Section 6330 entitles a taxpayer to notice and an opportunity for a hearing before certain levy actions are taken by the Commissioner in the process of collecting unpaid Federal taxes.  Upon request, a taxpayer is entitled to a "fair hearing" conducted by an impartial officer from the Office of Appeals.  Sec. 6330(b)(1), (3).  At the hearing, the officer is required to:  (1) Obtain verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (2) consider any relevant issue raised by the taxpayer related to the unpaid tax or proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives; and (3) consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the

taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c). If a taxpayer received a statutory notice of deficiency for the underlying tax liability or otherwise had an opportunity to dispute the underlying tax liability, he or she is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B).

To the extent possible, a section 6320 hearing will be held in conjunction with a section 6330 hearing. Sec. 301.6320-1(d)(1), Q&A-D3, Proced. & Admin. Regs.

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330(d). If the underlying tax liability is properly at issue, we review that issue de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). If the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, supra at 610. An abuse of discretion occurs when an Appeals officer takes action that is arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

At trial, petitioner failed to provide any evidence that any of the underlying liabilities was incorrect. She did not dispute the amount of any of those liabilities. Accordingly, we

sustain the underlying tax liabilities for 1996, 1997, 1998, 2000, and 2001.

Petitioner submitted her financial information only a few weeks prior to trial.[2] Petitioner's total tax liability, including penalties and interest accrued as of April 2004, is approximately $15,734.10. In her financial information she disclosed assets significantly greater than the total tax liability, including a bank account in excess of $100,000 and a home that she owns free of encumbrances. Her financial information indicates that petitioner is able to pay her tax liability in full.

We are not persuaded by petitioner's arguments that she needs money to make expensive repairs to her home or that she anticipates having significant medical and long-term health care costs in the future. We are sympathetic to petitioner because of her present and anticipated future problems. She has explained that her house is 100 years old, needs a new roof, and does not even have central heating. But she does not dispute that the house has some value, and there is no evidence as to the amount of the value. Petitioner was almost 82 years of age at the time of the hearing, and we have no reason to doubt that like many

_____

[2] It appears that settlement negotiations regarding a collection alternative between the parties failed. Petitioner stated: "I notice here I have in my notes that unfortunately the information [that I provided] confirmed that * * * I am not eligible to compromise the amount of taxes that I owe."

people her age, she faces the possibility of medical expenses in the future.  Nevertheless, the record shows that petitioner has sufficient assets to pay the amounts respondent seeks to collect, even though petitioner might prefer to retain those assets for other purposes.

Accordingly, we sustain respondent's determination not to release the notice of Federal tax lien due to tax liabilities from 1996, 1997, 1998, 2000, and 2001.  We also sustain respondent's determination to proceed with levy action for 2000 and 2001.  The Appeals officer clearly did not abuse her discretion, and the amounts of the liabilities for all years are undisputed.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.